UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ABEER ABOUYABIS**<br><br>*Plaintiff,*<br>v.<br><br>**EMORY UNIVERSITY**, et al.<br><br>*Defendants.* | **Case No. 1:25-cv-02438-ELR-CCB**<br><br>JURY TRIAL DEMAND |

### PLAINTIFF'S PARTIALLY UNOPPOSED MOTION TO STAY BRIEFING ON PENDING MOTIONS TO DISMISS AND RULE 11 MOTION OR, IN THE ALTERNATIVE, TO EXTEND DEADLINE FOR RULE 11 MOTION

Defendant Jason Weiden and Defendants Adam and Gila Milstein Family Foundation, Gila Milstein, and Tuvia Milsztein (collectively, Milstein Defendants) have moved to dismiss Plaintiff Abeer AbouYabis's ("Dr. AbouYabis") First Amended Complaint. Doc. 19, 22. Milstein Defendants also filed a motion for sanctions under Federal Rule of Civil Procedure 11, largely raising issues that are properly resolved by way of motion to dismiss under Rule 12(b)(6). Doc. 23.

But Dr. AbouYabis plans to seek leave to file a Second Amended Complaint. If the Court grants her motion, the pending motions to dismiss would be dismissed without prejudice as moot. *Carbiener v. Lender Processing Services, Inc.*, No. 3:13-CV-970-J-39PDB, 2014 WL 12616966, at *3 (M.D. Fla. Sept. 29, 2014) (collecting cases). As such, and in the interest of judicial economy, Dr. AbouYabis seeks an order under Federal Rule of Civil Procedure 6(b)(1)(A) staying briefing on the motions to dismiss and Rule 11 motion until she has filed, and the Court has ruled on, her motion for leave to amend the complaint. In the alternative

she seeks an order staying the motion to dismiss briefing and extending her deadline to respond to the Rule 11 motion.

## PROCEDURAL BACKGROUND

1. Dr. AbouYabis brought this employment discrimination lawsuit against Emory University. She also brought claims against a number of other defendants implicated in the events that led to Emory University's unlawful termination of Dr. AbouYabis. Doc. 1.

2. She subsequently filed a First Amendment Complaint as of right under Federal Rule of Civil Procedure 15(a)(1). Doc. 9.

3. The parties mutually agreed to extend the deadlines for Defendants to file their responsive pleadings and, in the event of a motion to dismiss, for Dr. AbouYabis to respond.

4. In accordance with these agreements, Defendant Weiden filed a motion to dismiss on July 18, 2025. Doc. 19. Dr. AbouYabis's response is due on August 29, 2025.

5. Likewise, Milstein Defendants filed their motion to dismiss on August 20, 2025. Doc. 22. Dr. AbouYabis's response is due on September 26, 2025.

6. Milstein Defendants also filed a motion for sanctions under Rule 11, raising many of the same issues included in their motion to dismiss. *Compare* Doc. 22-1 at 9-25 *with* Doc. 23-1 at 8-18. Under the local rules, Dr. AbouYabis's presumptive response deadline is September 3, 2025. LR Civ. 7.1(B).

7. Dr. AbouYabis plans to file a motion for leave to file a Second Amended Complaint in the coming weeks under Rule 15(a)(2). She anticipates that this amendment will narrow the issues in dispute at the motion to dismiss stage and resolve at least some of the issues raised by Milstein Defendants' Rule 11 motion.

8.      Undersigned counsel conferred with counsel for Defendant Weiden and Milsten Defendants about the relief requested in this motion. Defendant Weiden consents. Milsten Defendants object to a stay of the briefing schedules but consent to an extension of time until September 26, 2025 for Dr. AbouYabis to respond to the Rule 11 motion.

## DISCUSSION

Dr. AbouYabis seeks leave to stay briefing schedules for the pending motions to dismiss and Rule 11 motion, which will have the effect of at least temporarily extending her time to respond to those motions. In the alternative, she seeks an order staying the motion to dismiss briefing and extending her time to respond to Milstein Defendants' Rule 11 motion until September 26, 2025. Under Rule 6(b)(1)(A), a court may, for good cause, extend the time for a party to complete a certain act. Good cause exists here.

Dr. AbouYabis's response to Defendant Weiden's motion to dismiss is due on August 29, 2025; her response to Milstein Defendants' Rule 11 motion due on September 3, 2025; and her response to their motion to dismiss is due on September 26, 2025. But it would undermine judicial economy for Dr. AbouYabis to abide those deadlines, as she plans to seek leave to file a Second Amended Complaint under Rule 15(a)(2) in the coming weeks. If Defendants consent or if the Court grants her motion, the pending motions to dismiss will be moot. *See Carbiener v. Lender Processing Services, Inc.*, 2014 WL 12616966, at *3 (collecting cases). And while it is unclear if an amended pleading would automatically moot the pending Rule 11 motion, Dr. AbouYabis anticipates that it may narrow the issues implicated by the motion.[1]

---

[1] Dr. AbouYabis was in the process of reviewing the arguments raised in Milstein Defendants' Rule 11 letter and had not had an opportunity to decide whether to make any changes to the First Amended Complaint before they filed their motion.

As such, good cause exists for Dr. AbouYabis's request: It is in the interest of judicial economy for the Court to stay briefing on the pending motions to dismiss and Rule 11 motion until after Dr. AbouYabis has an opportunity to seek leave to file an amended pleading. This way, the parties will avoid the time and expense of additional briefing on motions that may become moot. If the Court denies leave to amend, then the Court can set a new briefing schedule for the motions.

To the extent the Court is not inclined to stay briefing on the Rule 11 motion, an extension of time until September 26, 2025 (Dr. AbouYabis's current deadline to respond to Milstein Defendants' motion to dismiss) is warranted. The Rule 11 motion implicates many of the same issues as the motion to dismiss. *Compare* Doc. 22-1 at 9-25 *with* Doc. 23-1 at 8-18.

## CONCLUSION

For good cause shown, the Court should stay briefing on all motions to dismiss and the Rule 11 motion (Docs. 19, 22, & 23) until Dr. AbouYabis has filed, and the Court has ruled on, her motion for leave to file a Second Amended Complaint.

Respectfully submitted,

| | |
|---|---|
| /s/ Abdel-Rahman Hamed | /s/ Ravi Rayasam |
| ABDEL-RAHMAN HAMED, ESQ. | RAVI RAYASAM, ESQ. |
| DC Bar No. 1632130* | Ga Bar No. 596769 |
| **Lead Counsel** | **Local Counsel** |
| Hamed Law | GHANAYEM AND RAYASAM, LLC |
| P.O. Box 25085 | 1936B North Druid Hills Road, N.E. |
| Washington, D.C. 20027 | Atlanta, GA 30319 |
| (202) 888-8846 | (404) 561-0202 |
| Advocates@HamedLaw.com | ravi@gratlantalaw.com |

*Attorneys for Plaintiff Abeer N. AbouYabis*
*\* Admitted Pro Hac Vice*